UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNESTO MENDOZA CONTRERAS,

    Petitioner,                      Case Number 2:20-cv-13199
                                              HONORABLE DENISE PAGE HOOD

v.

DONALD EMERSON,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT UNDER 28 U.S.C. § 2241 TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN AND MOOTING MOTION TO DISMISS

Ernesto Mendoza Contreras, (petitioner), confined at the Northlake Correctional Facility in Baldwin, Michigan, filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenges his conviction for drug conspiracy, 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(A)(viii) out of the United States District Court for the Northern District of Oklahoma. Respondent moved to dismiss the petition because this district lacks jurisdiction over the petition. The Court concludes that jurisdiction over this petition lies in the United States District Court for the

1

Western District of Michigan. In lieu of dismissing the petition, the Court orders that the petition be transferred to that district.

## I. BACKGROUND

Petitioner pleaded guilty to the above charge in the United States District Court for the Northern District of Oklahoma. Petitioner received 156 months in prison. Petitioner did not file an appeal or a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Petitioner has now filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his conviction by arguing that the superseding indictment was defective because it was not considered by all 12 grand jurors nor signed with the grand jury foreperson's wet ink signature.

## II. DISCUSSION

This Court lacks jurisdiction over petitioner's habeas application because petitioner is not incarcerated in the Eastern District of Michigan. As a general rule, jurisdiction for core habeas petitions in which a petitioner challenges his present physical confinement lies exclusively in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A district court therefore cannot adjudicate a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v.*

*Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. See *Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir. 1977). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. See *Martin v. Perez,* 319 F.3d 799, 803 (6th Cir. 2003).

Although a federal prisoner may bring a petition for a writ of habeas corpus under § 2241 if he can show that his remedy under 28 U.S.C. § 2255 is inadequate to challenge the validity of his sentence, *see Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012), a petition for a writ of habeas corpus under § 2241 is nonetheless confined to the district court having jurisdiction over the petitioner's custodian. "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. U.S.*, 416 F.3d 424, 426 (5th Cir. 2005). Petitioner is currently incarcerated in Baldwin, Michigan, which is located in the Western District of Michigan. The federal court for that district has exclusive jurisdiction over his petition for a writ of habeas corpus. See *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016)(petition for writ of habeas corpus brought under § 2241 must be

3

filed in the district where the federal prisoner is confined); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)(§ 2241 petition must be filed in the district of incarceration).

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte. Chatman-Bey v. Thornburgh,* 864 F.2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over petitioner's custodian, it will transfer the case to the federal district court which has jurisdiction over the petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

### III. ORDER

Accordingly,

IT IS ORDERED that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan.

IT IS FURTHER ORDERED the Motion to Dismiss (ECF No. 9) is **MOOT**.

IT IS FURTHER ORDERED that this action is **CLOSED**.

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge, United States District Court

Dated: June 30, 2021